UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KAWAMI SHANNON, et al., ) | No. CV 14-9752-FMO (PLA) |
| ) | |
| Plaintiffs, ) | **ORDER ACCEPTING FINDINGS,** |
| ) | **CONCLUSIONS, AND** |
| v. ) | **RECOMMENDATIONS OF UNITED** |
| ) | **STATES MAGISTRATE JUDGE** |
| SIMI VALLEY SCHOOL DISTRICT, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**I.**

**INTRODUCTION**

On August 22, 2015, the United States Magistrate Judge issued a Report and Recommendation ("August R&R") in this action, recommending that plaintiffs' action be dismissed with prejudice for failure to prosecute and follow court orders, as plaintiffs had not timely filed a Third Amended Complaint. (Dkt. No. 22). On September 9, 2015, plaintiffs filed their "Objections to Magistrate Judge's Report and Recommendation" ("Objections" or "Obj."). Plaintiffs object to the Magistrate Judge's findings that plaintiffs' action should be dismissed for failure to prosecute and to follow court orders, alleging that they never received the Magistrate Judge's July 14, 2015, order requiring them to timely file a Third Amended Complaint. (Obj. at 4).

/

## II.

## **DISCUSSION**

On February 2, 2015, after finding that the allegations were insufficient to state a plausible federal civil rights claim against any named defendant, the Magistrate Judge dismissed plaintiff Kawami Shannon's December 19, 2014, Complaint with leave to amend. (Dkt. No. 8).

On March 3, 2015, plaintiff filed a First Amended Complaint. (Dkt. No. 10). On March 23, 2015, after finding that the allegations were still insufficient to state a plausible federal civil rights claim against any named defendant, the Magistrate Judge dismissed plaintiff's First Amended Complaint with leave to amend. (Dkt. No. 11). Plaintiff was advised that if she desired to pursue this action, she must file a Second Amended Complaint no later than April 20, 2015, remedying the deficiencies in the First Amended Complaint as detailed in the March 23, 2015, order. (Dkt. No. 11 at 5). The Magistrate Judge further advised plaintiff that if she failed to timely file the Second Amended Complaint or to remedy the deficiencies of the First Amended Complaint as discussed in the March 23, 2015, order, the Magistrate Judge "will recommend that the action be dismissed with prejudice." (Dkt. No. 11 at 6).

When, as of April 28, 2015, plaintiff had not filed a Second Amended Complaint, the Magistrate Judge issued a Report and Recommendation ("April R&R"), recommending dismissal of the action with prejudice for failure to prosecute and follow court orders. (April R&R at 5).

On May 12, 2015, plaintiff filed "Objections to Magistrate Judge's Report and Recommendation" ("May Objections" or "May Obj."), claiming that she never received the March 23, 2015, order. (May Obj. at 4). After reviewing the Court's mail log, the Magistrate Judge determined that on March 23, 2015, the March 23, 2015, order was indeed mailed to plaintiff at her address of record. The Magistrate Judge noted that it did not appear that there was any issue with the address of record the Court has on file for plaintiff as, based on the filing of her May Objections, plaintiff apparently received the April R&R sent to the same address as the March 23, 2015, order. The Magistrate Judge also observed that despite being on notice from the April R&R that the Magistrate Judge was recommending that her action be dismissed with prejudice for failure to prosecute and follow court orders, plaintiff apparently made no effort when she filed her

1  May Objections to the April R&R to obtain a copy of the March 23, 2015, order, and properly file
2  a Second Amended Complaint. (Dkt. No. 15). To date, the March 23, 2015, order has not been
3  returned to the Court as "undeliverable."

4        Notwithstanding the foregoing, based on plaintiff's representation that she did not receive
5  the March 23, 2015, order, the Report and Recommendation issued on April 28, 2015, was
6  withdrawn, and plaintiff was ordered to file a Second Amended Complaint no later than June 3,
7  2015. (Dkt. No. 15).

8        On June 3, 2015, a Second Amended Complaint was filed by plaintiffs Shannon, Jonaya
9  Haney, and Aaron Haney. (Dkt. No. 18). In minute orders issued on June 8, 2015, the Magistrate
10 Judge granted the requests of Jonaya Haney and Aaron Haney to proceed *in forma pauperis*.
11 After careful review of the Second Amended Complaint, on July 14, 2015, the Magistrate Judge
12 dismissed it with leave to amend and advised plaintiffs that if they desired to pursue this action
13 they must file a Third Amended Complaint no later than August 12, 2015. (Dkt. No. 21). Plaintiffs
14 were further advised that if they failed to timely file the Third Amended Complaint or to remedy the
15 deficiencies of the Second Amended Complaint, the Magistrate Judge would recommend that the
16 action be dismissed with prejudice.

17       When, as of August 26, 2015, plaintiffs had not filed a Third Amended Complaint, the
18 Magistrate Judge issued another Report and Recommendation ("August R&R"), again
19 recommending dismissal of the action with prejudice for failure to prosecute and follow court
20 orders. (Dkt. No. 22).

21       On September 9, 2015, plaintiffs filed their Objections to the August R&R, this time claiming
22 that they never received the Magistrate Judge's July 14, 2015, order, which required them to
23 timely file a Third Amended Complaint. (Dkt. No. 24).

24       The Court has reviewed its mail log and determined that on July 14, 2015, the July 14,
25 2015, order was indeed mailed to plaintiffs at their address of record. In fact, the Court clerk
26 mailed **three separate copies** of the July 14, 2015, order -- one to each of the three plaintiffs --
27 all with the same address of record. To date, not one of the three July 14, 2015, orders sent to
28 plaintiffs has been returned to the Court as "undeliverable." The Court notes that it again appears

that there was no issue with the address of record the Court has on file for plaintiffs as, based on the filing of their September 9, 2015, Objections, plaintiffs apparently received at least one copy of the August R&R sent separately to each of them at the same address of record as was used for the July 14, 2015, order.  The Court also observes that, as was previously the case, despite being on notice from the August R&R that the Magistrate Judge was recommending that their action be dismissed with prejudice for failure to prosecute and follow court orders, plaintiffs made no effort when they filed their September Objections to the August R&R to obtain a copy of the Magistrate Judge's July 14, 2015, order, and/or to properly file a Third Amended Complaint.

        Generally, therefore, plaintiff(s) have now twice alleged that they failed to receive the Magistrate Judge's orders requiring them to timely file their Second and Third Amended Complaints, yet apparently had no issues receiving the Court's two prior R&Rs recommending that their action be dismissed with prejudice for failure to prosecute and to follow court orders. Plaintiffs' repeated failures to prosecute and to respond to the Magistrate Judge's orders requiring them to timely file their amended pleadings, and then seeking relief from the Magistrate Judge's recommendations regarding dismissal, reflect poorly on plaintiffs' credibility regarding the alleged non-delivery of only a select few of the Magistrate Judge's orders.  As discussed below, plaintiffs' lack of credibility, and their repeated flaunting of the Magistrate Judge's orders, weigh heavily in favor of dismissal of this action with prejudice.

        As discussed in the August R&R, in determining whether to dismiss this action due to plaintiffs' failure to prosecute or comply with court orders, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (citation and internal quotation marks omitted); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Plaintiffs' failure to timely file their Second and Third Amended Complaints[1] and their repeated failure to comply with the Magistrate Judge's orders, hinders the Court's ability to move this case toward disposition and indicates that plaintiffs do not intend to litigate this action diligently unless or until they are threatened with the possible dismissal of their action.

The third factor -- prejudice to defendants -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when a plaintiff *unreasonably delays* prosecution of an action. Eisen, 31 F.3d at 1452-53. Everything about plaintiffs' repeated delays in filing their Second and Third Amended Complaints, and their repeated "excuse" that they did not receive the relevant orders requiring them to timely file their Second and Third Amended Complaints, suggests that plaintiffs' delays have been unreasonable. Therefore, the Court presumes prejudice to defendants as a result of plaintiffs' dilatory actions.

The fourth factor -- public policy in favor of deciding cases on their merits -- generally weighs against dismissal. However, the Magistrate Judge has thrice screened the allegations in plaintiffs' pleadings and informed plaintiffs each time that the allegations are insufficient to state a federal claim against any defendant and/or fail to comply with Rule 8 of the Federal Rules of Civil Procedure. It is plaintiffs' responsibility to move their case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). By failing to monitor the Court's docket, and to timely file their Second and Third Amended Complaints as ordered by the Magistrate Judge, plaintiffs have not discharged this responsibility. A party may not -- as plaintiffs have done twice herein -- simultaneously invoke the Court's power in an attempt to get relief, while flouting the orders and rules of the Court. See M.O.R.E., LLC v. United States, 2015 WL 580554, at *2 (N.D. Cal. Feb. 11, 2015). In these

---

[1] The Court notes that although pro se complaints are construed liberally and leave to amend freely given (Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988)), leave to amend may be denied where -- as here -- there has been bad faith, undue delay, and failure to cure deficiencies by previous amendments.

1 circumstances, the public policy favoring resolution of disputes on the merits does not outweigh
2 plaintiffs' failure to comply with court orders.

3       The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal.  The
4 Magistrate Judge first attempted to avoid dismissal when he issued the February 2, 2015, order,
5 giving plaintiff an opportunity to amend her Complaint and remedy the deficiencies therein.
6 Plaintiff responded to that order by timely filing a First Amended Complaint.  (Dkt. Nos. 8, 10).
7 After reviewing the First Amended Complaint, and determining that plaintiff had not remedied the
8 deficiencies discussed in the February 2, 2015, order, the Magistrate Judge again attempted to
9 avoid dismissal when he issued the March 23, 2015, order, giving plaintiff an opportunity to amend
10 her First Amended Complaint and remedy the deficiencies therein.  Plaintiff did not timely file a
11 Second Amended Complaint, and the Magistrate Judge issued the April R&R recommending
12 dismissal for failure to prosecute and to follow court orders.  The Magistrate Judge again
13 attempted to avoid dismissal when he issued the July 14, 2015, order, again giving plaintiffs an
14 opportunity to amend their Second Amended Complaint and remedy the deficiencies therein.
15 Nonetheless, plaintiffs failed to timely file their Third Amended Complaint as required by the July
16 14, 2015, order, or otherwise respond to that order, necessitating that the Magistrate Judge issue
17 the August R&R recommending dismissal for failure to prosecute and follow court orders.
18 Moreover, when plaintiffs filed their Objections to the April and August R&Rs, they made no effort
19 to submit amended complaints at that time, resulting in additional prejudicial delay.

20       The Court has reviewed the records on file herein, the Magistrate Judge's August R&R, and
21 plaintiff's Objections to the August R&R and has engaged in a *de novo* review of those portions
22 of the August R&R to which objections have been made.  While the Court is reluctant to impose
23 the sanction of dismissal, plaintiffs have shown a continued lack of respect for the judicial process
24 that they themselves initiated, and "[i]t is appropriate to reject lesser sanctions where the court
25 anticipates continued deceptive misconduct."  Conn. Gen. Life Ins. Co. v. New Images of Beverly
26 Hills, 482 F.3d 1091, 1097 (9th Cir. 2007) (citation omitted).   Indeed, as plaintiffs in this action,
27 it is plaintiffs' duty to monitor the Court's docket.  See In re Sweet Transfer & Storage, Inc., 896
28 F.2d 1189, 1193 (9th Cir. 1990) (parties have an affirmative duty to monitor the dockets to inform

themselves of the entry of orders they may wish to appeal); Warrick v. Birdsell (In re Warrick), 278 B.R. 182, 187 (9th Cir. BAP 2002) ("It is well-settled that failure to receive notice of entry of judgment or order is not an excuse for an untimely appeal because it is the party's affirmative duty to monitor the dockets"). Additionally, despite plaintiffs' pro se status, they are still required to abide by the court rules. See Carter v. Comm'r of Internal Revenue, 784 F.2d 1006, 1008 (9th Cir. 1986) (even pro se litigants must abide by the rules of the court in which they litigate); see also Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). Moreover, "[i]t is well established that '[d]istrict courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion.'" Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc., 146 F.3d 1071, 1074 (9th Cir. 1998) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998)). "[I]f in the informed discretion of the court, neither the statute nor the Rules are up to the task" of adequately sanctioning bad-faith conduct in litigation, "the court may safely rely on its inherent power." Chambers v. NASCO, Inc., 501 U.S. 32, 50, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991).

Taking all of the above factors into account, dismissal for failure to prosecute and follow court orders is appropriate. Such a dismissal, however, should not be entered unless plaintiffs have been notified that dismissal is imminent. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case, plaintiff(s) were cautioned about the possibility of dismissal in the Magistrate Judge's February 2, 2015, March 23, 2015, and July 14, 2015, orders, and were afforded further notice by service of the August R&R.

### III.
### **CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaints, the other records on file herein, the Magistrate Judge's August Report and Recommendation, and plaintiffs' Objections to the August Report and Recommendation. The Court has engaged in a de novo review of those

portions of the Report and Recommendation to which objections have been made. The Court agrees with the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. **For the reasons discussed herein**, the Report and Recommendation is accepted.
2. Plaintiffs' action is dismissed with prejudice.
3. Judgment shall be entered consistent with this Order.
4. The clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: September 15, 2015

                                                                                                      /s/
                                            HONORABLE FERNANDO M. OLGUIN
                                            UNITED STATES DISTRICT JUDGE